UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO BOWMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>RODNEY HACKNEY, et al.,<br><br>               Defendants. | No. 2:19-cv-00363-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER<br><br>(ECF No. 10) |

Plaintiff, proceeding without counsel, brought the present action seeking $6,675.62 in Department of Veterans Affairs vocation rehabilitation benefits for attending a job-training program. Presently before the court is defendants' motion to dismiss due to lack of subject matter jurisdiction. (ECF No. 10.) For the reasons discussed below, the court recommends dismissal for failure to prosecute.

BACKGROUND

On July 3, 2019, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) alleging that this court does not have jurisdiction to hear plaintiff's complaint because the United States Court of Appeals for Veterans Claims has exclusive jurisdiction over plaintiff's claims. (ECF No. 10.) Defendants noticed that motion for a hearing to take place before the undersigned on July 31, 2019. (Id.) Pursuant to local rule, plaintiff was required to

file a written opposition or statement of non-opposition to the motion at least fourteen days prior to the hearing date, or July 17, 2019. See E. Dist. Local Rule 230(c). Plaintiff failed to file anything in response to defendants' motion to dismiss. On July 19, 2019, due to plaintiff's failure to respond to defendants' motion, the court continued the hearing date, giving plaintiff additional time to respond. (ECF No. 11.) Plaintiff again failed to respond to defendants' motion to dismiss, which resulted in the court vacating the hearing and accepting defendants' motion as submitted on brief, pursuant to Local Rule 230(g). (ECF No. 13.)

DISCUSSION

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move it forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade, and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's pro se status, permitted plaintiff to file his opposition out of time, but he failed to do so. Simply, plaintiff has been incommunicado since filing his complaint, leaving the court with little alternative but to recommend dismissal.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the court's rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

///

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 18, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.bown.363